UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MYERS, )<br>)<br>    Plaintiff )<br>) **Case No.:** 15-272 Erie<br>    v. )<br>) **COMPLAINT AND DEMAND FOR**<br>BLUESTEM BRANDS, INC. d/b/a ) **JURY TRIAL**<br>FINGERHUT, )<br>)<br>    Defendant ) | |

## COMPLAINT

SHAWN MYERS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Erie, Pennsylvania 16504.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for a number of years.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around June 2015, and continuing through August 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone, on average, six (6) to seven (7) times a day.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages identified its company name as the caller.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In July 2015, Plaintiff spoke with Defendant and revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

20. Defendant, however, persisted in calling Plaintiff on his cellular telephone every day.

21. When Plaintiff has answered Defendant's calls and hung up, Defendant immediately called him back.

22. In its communications with Plaintiff, Defendant implied that non-payment of a debt was a crime.

23. Defendant would call Plaintiff 20-35 times a week.

24. Most recently, Defendant called Plaintiff on August 7, 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

27. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for emergency purposes.

29. Defendant's calls to Plaintiff, after July 2015, were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHAWN MYERS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHAWN MYERS, demands a jury trial in this case.

5

PLAINTIFF'S COMPLAINT

1

2
                                                    RESPECTFULLY SUBMITTED,

3
DATED: 11-09-15              KIMMEL & SILVERMAN, P.C.

4

5
                                      By: */s/ Craig Thor Kimmel*_____
                                             CRAIG THOR KIMMEL

6
                                             Attorney ID # 57100
                                             Kimmel & Silverman, P.C.

7
                                             30 E. Butler Pike
                                             Ambler, PA 19002

8
                                             Phone: (215) 540-8888

9
                                             Fax: (877) 788-2864
                                             Email: kimmel@creditlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT